# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. R. DUVENDECK, Minor.

UNPUBLISHED
June 15, 2017

No. 335894
Ingham Circuit Court
Family Division
LC No. 15-000722-NA

Before: O'BRIEN, P.J., and HOEKSTRA and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals as of right the circuit court's order terminating her parental rights to the minor child under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm).[1] We affirm.

The child at issue in this case was removed from respondent's care in June 2015 based on allegations of neglect, substance abuse, and unstable housing. Over the next year-and-a-half, respondent was provided a variety of services that were intended to improve parenting skills, substance abuse issues, social support, and housing and employment situations. However, respondent failed to comply with or benefit from those services. There was testimony presented that respondent did not find and maintain suitable housing or employment, continued to use marijuana, missed several scheduled drug tests, failed to attend substance abuse treatment sessions, did not complete parenting coaching sessions, and struggled to adequately parent the child during parenting-time sessions. A supplemental petition seeking the termination of her parental rights was thus filed in May 2016, and respondent's parental rights were terminated in November 2016. This appeal followed.

On appeal, respondent first argues that the prosecutor failed to prove, by clear and convincing evidence, that termination was proper under MCL 712A.19b(3)(c)(*i*), (g) and (j) because she has consistently made progress throughout this case. Specifically, she claims that she completed parenting classes and obtained suitable housing and employment. Next, respondent argues that the circuit court erred in finding that termination of parental rights was in the child's best interest because she and the child shared a bond. We disagree in both respects.

---

[1] The trial court also terminated the father's parental rights under MCL 712A.19b(3)(a)(*ii*) (desertion).

-1-

A trial court may terminate a parent's parental rights if it finds that at least one of the statutory grounds set forth in MCL 712A.19b(3) has been established by clear and convincing evidence. Petitioner bears the burden of proving at least one statutory ground. MCR 3.977(A)(3); *In re Trejo Minors*, 462 Mich 341, 350; 612 NW2d 407 (2000). We review a trial court's finding that a statutory ground has been established for clear error. *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013) (citation and internal quotation marks omitted).

The circuit court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), (g) and (j), which provide as follows:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

> * * *

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> * * *

> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

> * * *

> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

In this case, we conclude that there was clear and convincing evidence to support the circuit court's decision to terminate respondent's parental rights under all three statutory sections, specifically MCL 712A.19b(3)(c)(*i*). The caseworker testified that respondent lived at approximately ten different locations throughout the pendency of this case and that those locations were not suitable for a child. In fact, respondent continued to reside in some of those locations despite the existence of ongoing domestic violence issues with new boyfriends. There was also testimony presented that respondent did not have housing at the time of the final trial date. Respondent also lied about past employment at trial and was unable to verify any

employment. The record also reflects that respondent demonstrated a lack of commitment to treatment for her substance abuse and behavioral health issues by continuing to use marijuana, failing to attend substance abuse treatment sessions, and attending only half of her mental health therapy sessions. Moreover, respondent did not demonstrate improvement in her parenting skills. She completed only one parenting class in November 2015 and failed to attend 11 of the 12 coaching sessions with a parenting coach during the following spring. Respondent also failed to show up to several of her scheduled visits with the child. When respondent was present at the visits, she frequently arrived up to 75 minutes late, left early, fell asleep during visits, used profane language, and ignored the child by using her cell phone. Respondent also acted aggressively in the child's presence, which, in one instance, necessitated removal of the child from the visitation room and a police officer to escort respondent out of the building. Considering all of these factors, the trial court properly found that the conditions that led to the adjudication persisted for more than 182 days with no reasonable likelihood of being rectified within a reasonable time considering the child's age under MCL 712A.19b(3)(c)(*i*). See *In re LE Minor*, 278 Mich App 1, 27; 747 NW2d 883 (2008) (finding that termination under MCL 712A.19b(3)(c)(*i*) is proper when, despite the opportunity to take advantages of services, the parent lacked employment, never obtained adequate housing, missed random drug screens, and is at a risk of relapse).[2]

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 826 NW2d 144 (2012), citing MCL 712A.19b(5); MCR 3.977(E)(4). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. Trial courts should consider all available evidence in making this determination. *In re Trejo*, 462 Mich at 356. Relevant factors to be considered include the bond between the child and the parent, the parent's ability to parent, the child's need for permanency and stability, the advantages of the foster home over the parent's home, and any other relevant factors. *In re Olive/Metts*, 297 Mich App at 41-42. We review the trial court's determination that termination is in the child's best interests for clear error. *Id.* at 40.

In this case, we conclude that the circuit court did not err when it found that termination of respondent's parental rights was in the child's best interests. The trial court correctly pointed out that respondent's relationship with the child "has been weakening" because the child, who was nearly three years old at the close of trial, was six months old when removed from her mother. Moreover, the foster care worker testified about the advantages of the foster home, agreeing that the child had a healthy bond with the foster parents and that the foster parents would be able to meet the child's needs and provide her permanence through adoption. The

---

[2] If we find that the trial court did not clearly err by concluding that one statutory ground for termination existed, we need not address the additional grounds for termination. *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009). In any event,, we would note that termination under MCL 712A.19b(3)(g) and (j) was appropriate for reasons similar to those we discussed with respect to MCL 712A.19b(3)(c)(*i*).

foster care worker's description of the child's response to respondent's loss of temper during a visit in July 2016, when the screaming and crying child ran to her foster parent screaming for "mommy[,]" demonstrates the bond between the child and the foster parents. It also supports the trial court's finding that the child's relationship with respondent has weakened over time. Additionally, as discussed above, respondent remained unable to secure consistent housing or employment in order to adequately provide for the child. Thus, the circuit court's best-interests determination was not clearly erroneous.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Joel P. Hoekstra
/s/ Mark T. Boonstra

-4-